Afshin Afsharimehr
BLACKMORE LAW PLC
2828 N. Central Ave
10th Floor
Phoenix, AZ 85004
Arizona State Bar No. 031107
Fax: 855-744-4419
E-Mail: afshin@blackmorelawplc.com
Telephone: 888-835-2993
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daimeon Mosley,<br><br>    Plaintiff,<br><br>v.<br><br>Bashas' Inc., an Arizona corporation,<br><br>    Defendant. | No. CV-20-1939-PHX-CDB<br><br>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Amended Complaint for Declaratory and Injunctive Relief to remedy discrimination by Bashas' Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a corporation with its registered office located at 1850 N. Central Ave., 17th FL., Phoenix, 85004 85004.

5. Upon information and belief, Defendant owns or operates the "Bashas'" and "Food City" area grocery store chains whose locations each qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous physical impairments, including permanent paralysis, degenerative discs, and scoliosis caused by the West Nile Virus.

8. These impairments cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures, and require Plaintiff to use a mobility device.

9. Plaintiff's impairments limit major life activities, including walking, standing, reaching, lifting, and bending.

10. Plaintiff's impairments meet the definition of a "disability" under the ADA.

11. Plaintiff's impairments are permanent and were present at all times relevant to this action.

12. Plaintiff does not own a home and moves residences frequently due to his fixed income and difficulties finding truly accessible and affordable housing.

13. Plaintiff currently resides in Tempe and has previously lived around the Phoenix area including Phoenix, Mesa, and Scottsdale.

14. One of Plaintiff's hobbies is playing music and plays in bands and solo shows in the Phoenix metropolitan area and around the country.

15. Occasionally, Plaintiff will stay at a friend's residence if he cannot get back to his residence.

16. Plaintiff does not drive and relies on public transportation or arranging transportation with friends.

17. Plaintiff does not work and will pass time by shopping at grocery stores because he enjoys eating.

18. Plaintiff regularly shops at Defendant's stores in Phoenix and its surrounding cities for food, personal needs, and to occasionally fill prescriptions based on which location is most convenient to him and the individuals he relies on for transportation.

19. Plaintiff encountered barriers to access at five of Defendant's stores over approximately the last year, primarily in each of the store's restrooms.

20. Encountering these barriers denied Plaintiff full and equal access and enjoyment of the services, goods, and amenities Defendant offers to the public because he was unable to access the restroom safely.

21. Plaintiff is a customer of Defendant and would immediately return to the stores if Defendant modifies the stores and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures.

22. Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

23. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

24. Plaintiff incorporates the above paragraphs by reference.

25. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (2) Defendant's violation of 42 U.S.C. § 12182; and (3) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

26. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

27. Plaintiff incorporates the above paragraphs by reference.

28. Bashas' is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

29. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

30. The ADA specifically prohibits discrimination based on an individuals disability. 42 U.S.C. §12182(a).

31. The presence of architectural barriers in a place of public accommodation (where removal is readily achievable) is specifically defined as discrimination under the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

32. The implementing regulations of the ADA adopted guidelines to set minimum requirements for facilities to be accessible and usable by individuals with disabilities. 28 C.F.R. Appendix A to Part 36.

33. The current guidelines for elements in existing facilities are set out in the 2010 ADA Standards for Accessible Design (the "Standards"). 28 C.F.R. § 36.406

34. Defendant is responsible for ensuring that elements in its Facilities meet the requirements of the Standards or meet the "safe harbor" requirements specified in 28 C.F.R. § 36.304(d)(2).

35. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

36. Plaintiff personally encountered architectural barriers on March 21, 2020, at the Bashas' Facility located at 8035 E Indian School Rd, Scottsdale, AZ 85251:

a. Unisex Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

    ii. Not providing enough clear floor space around a water closet as required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of the Standards.

    iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

    iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

    v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    vi. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

   vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

37. Plaintiff personally encountered architectural barriers on March 21, 2020, at the Bashas' Facility located at 8423 E McDonald Dr, Scottsdale, AZ 85250:

 a. Restroom:

  i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

  ii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

  iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

  iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

  v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

      vi. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

      vii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

38. Plaintiff personally encountered architectural barriers on April 3, 2020, at the Bashas' Facility located at 339 East Brown Road, Mesa, AZ 85203:

  a. Restroom:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      ii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

      iii. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches (or in a horizontal projection greater than 72 inches) required by sections 405, 405.1, 405.8, 505 of the Standards, or section 4.8.5 of the 1991 Standards.

    iv. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

    v. Providing sinks and/or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground as required by sections 606 and 606.3 of the Standards.

    vi. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

    vii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

    viii. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

    ix. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

    x. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

        xi. Not providing flush controls located on the open side of the water closet as required by sections 309, 309.4, 604 and 604.6 of the Standards.

  b. Soda dispenser :

        i. Providing services that exceed heights for unobstructed side reach of 48 inches which violates sections 228, 308, 308.2, 308.3, 308.3, 308.3.1, and 309 of the Standards.

39. Plaintiff personally encountered architectural barriers on April 11, 2020, at the Bashas' Facility located at 2864 N Power Rd, Mesa, AZ 85215:

  a. Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

        iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

        iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

      v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

      vi. Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

      vii. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

      viii. Not providing flush controls located on the open side of the water closet as required by sections 309, 309.4, 604 and 604.6 of the Standards.

40. Plaintiff personally encountered architectural barriers on April 15, 2020, at the Bashas' Facility located at 1122 N Higley Rd, Mesa, AZ 85205:

  a. Restroom:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

      ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

     iii.  Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

     iv.  Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards.

     v.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

     vi.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

     vii.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

     viii.  Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

     ix.  Not providing a mirror above lavatories or countertops at the proper height above the finished floor as required by sections 603 and 603.3 of the Standards.

   x. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

   xi. Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards.

   xii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

   xiii. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

41. These barriers cause Plaintiff embarrassment and fear because he cannot safely use elements of each store due to the risk of aggravating his injuries.

42. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the stores.

43. Each of Defendant's Facilities in this Complaint are less than 20 miles from Plaintiff's residence.

44. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the stores in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

45. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an

environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

46.   Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the stores due to the barriers and other violations listed in this Complaint.

47.   It would be readily achievable for Defendant to remove all of the barriers at the stores because the barriers are easily removed by moving existing elements into their proper positions under the Standards and the costs of adding any required elements that are not present are minimal compared to Defendant's revenue.

48.   Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.   declare that the stores identified in this Complaint is in violation of the ADA;

B.   enter an Order requiring Defendant make the stores accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E. grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

BLACKMORE LAW PLC

By: /s/ Afshin Afsharimehr
Afshin Afsharimehr
*Attorney for Plaintiff*

Dated: March 15, 2021